UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ZEINAB ALI,
        *Plaintiff-Appellant,*

v.

ALAMO RENT-A-CAR, INCORPORATED,
        *Defendant-Appellee,*

and

H. SCOTT COOPER,
        *Defendant.*

METROPOLITAN WASHINGTON
EMPLOYMENT LAWYERS ASSOCIATION;
AMERICAN CIVIL LIBERTIES UNION OF
VIRGINIA, INCORPORATED; THE
AMERICAN JEWISH COMMITTEE,
        *Amici Curiae.*

No. 00-1041

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-99-1025-A)

Argued: December 4, 2000

Decided: March 6, 2001

Before WILKINSON, Chief Judge, and LUTTIG and MICHAEL,
Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Kelly Marie Baldrate, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant. Karen Ann Khan, JACKSON, LEWIS, SCHNITZLER & KRUPMAN, Washington, D.C., for Appellee. **ON BRIEF:** Victor M. Glasberg, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant. Robert A. Hirsch, JACKSON, LEWIS, SCHNITZLER & KRUPMAN, Washington, D.C., for Appellee. Woodley B. Osborne, OSBORNE & DEUTSCH, Washington, D.C., for Amici Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Zeinab Ali sued her former employer, Alamo Rent-A-Car, Inc. (Alamo), under Title VII for refusing to allow her to wear a head scarf at work that was mandated by her religion. The district court dismissed Ali's complaint for failure to allege that she suffered an adverse employment action. Ali now appeals, arguing that Title VII religious discrimination claims do not require a showing of adverse employment action. We affirm.

I.

We accept the well-pleaded facts in Ali's complaint and recite them in the light most favorable to her. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). In August 1996 Alamo hired Ali as a management trainee. While on the job, she wore a head scarf along with her company uniform. She wore the head scarf in accordance with her Islamic religious beliefs. In December 1996 H. Scott Cooper became Ali's new supervisor. Cooper told Ali that she would have to stop wearing the head scarf or be transferred to a position in

which she would not be in frequent contact with customers. Ali refused to stop wearing a scarf, and Cooper transferred her.[1]

Ali sued Alamo, claiming that Alamo's refusal to allow her to wear a head scarf was employment discrimination in violation of Title VII. The district court dismissed Ali's complaint for failure to allege an adverse employment action. The court gave Ali eleven days to refile a complaint alleging such action. Ali concluded that she could not meet this circuit's standard for an adverse employment action. Therefore, instead of refiling the complaint, Ali filed a motion to amend the judgment, arguing that Title VII religious discrimination claims do not require a showing of adverse employment action. The court denied the motion and Ali now appeals.

## II.

We review de novo the trial court's dismissal of Ali's complaint. *See Chisolm v. Transouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). Ali claims that Alamo's refusal to allow her to wear a head scarf was in violation of 42 U.S.C. § 2000e-2(a). That section provides that it is an unlawful employment practice for an employer

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

---

[1]Alamo subsequently terminated Ali as part of a reduction in force. She concedes that her termination was lawful and unrelated to the events that form the basis for this suit.

§ 2000e-2(a). Under this section an employee who claims that she faced discrimination on the basis of race, color, sex, or national origin must show that she suffered some type of adverse employment action. *See, e.g.*, *Clearwater v. Indep. Sch. Dist. #166*, 231 F.3d 1122, 1127 (8th Cir. 2000) (race); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1125 (9th Cir. 2000) (national origin); *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999) (sex). The adverse employment action requirement is derived from the statute's requirement that the employer's practice relate to "compensation, terms, conditions, or privileges of employment" or that the practice "deprive any individual of employment opportunities or otherwise adversely affect his status as an employee." § 2000e-2(a)(1) & (2). Ali concedes that she did not suffer any legally cognizable adverse employment action.[2] She claims, however, that Title VII religious discrimination claims do not require a showing of adverse employment action. In *Chalmers v. Tulon Co.*, 101 F.3d 1012, 1019 (4th Cir. 1996), we said that a plaintiff in a Title VII religious discrimination case must show adverse employment action. Ali argues that *Chalmers* is not controlling because the question of whether adverse employment action is required was not squarely presented. In *Chalmers* the plaintiff had been fired and therefore satisfied the requirement. *See id.* at 1017. Ali, therefore, argues that *Chalmers*'s discussion of the adverse employment action requirement is dicta. We need not decide whether *Chalmers* is controlling because Title VII religious discrimination claims clearly require a showing of adverse employment action.

Section 2000(e)-2(a) joins religion with race, color, sex, and national origin in the same sentence. Because race, color, sex, and national origin require a showing of adverse employment action, Ali bears the burden of showing why religion should be treated differently. Ali argues that (1) the statutory definition of "religion," (2) legislative history, (3) Equal Employment Opportunity Commission (EEOC) regulations, (4) and case law all support the fact that religion, unlike the other bases for discrimination, does not require a showing of adverse employment action. We take up each of Ali's arguments in turn.

---

[2]Because Ali concedes that she did not suffer any adverse employment action, we are not required to consider what actually constitutes adverse employment action under Title VII.

Ali claims that the accommodation provision in the statutory definition of "religion" dictates that religion should be treated differently. "Religion" is defined as including "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Congress inserted the accommodation provision in the definition of religion in the wake of *Dewey v. Reynolds Metals Co.*, 429 F.2d 324, 330 (6th Cir. 1970), *aff'd by an equally divided court*, 402 U.S. 689 (1971). In *Dewey* the circuit court held that an employer does not discriminate on the basis of religion simply by failing to accommodate an employee's religious practice. In light of *Dewey* the accommodation provision is best seen as clarifying that an employer does discriminate on the basis of religion if it can accommodate the religious practice without undue hardship. However, the accommodation provision does not affect the statute's underlying requirement that the employer's discriminatory practice relate to "compensation, terms, conditions, or privileges of employment" or that the practice "deprive any individual or employment opportunities or otherwise adversely affect his status as an employee." § 2000e-2(a)(1) & (2). In other words, the accommodation provision does not affect the basic statutory requirement for adverse employment action. As with sex, race, color, and national origin, a plaintiff claiming religious discrimination under Title VII must show adverse employment action. Title VII only prohibits employer practices where the employer discriminates on the basis of religion *and* the employee suffers an adverse employment action. Therefore, Ali's reliance upon the accommodation provision in the definition of religion is misplaced.

Ali also relies upon the legislative history accompanying the adoption of the accommodation provision in an attempt to show that religious discrimination claims do not require a showing of adverse employment action. Ali cites to the history in which Congress expressed concern with the *Dewey* decision. *See, e.g.*, 118 Cong. Rec. 706 (1972) (statement by Sen. Randolph). Again, in *Dewey* the circuit court held that an employer does not discriminate on the basis of religion simply by failing to accommodate an employee's religious practice. We do not question that Congress adopted the accommodation provision in response to the *Dewey* decision. However, as discussed

above, Congress's concern about the *Dewey* decision is not inconsistent with Title VII's requirement for adverse employment action. Therefore, the legislative history does not show that Congress intended to allow an employee to recover for religious discrimination under Title VII without showing an adverse employment action.

Ali also cites to the EEOC regulations implementing Title VII with respect to religious accommodation. The regulations, however, simply track the language of the accommodation provision in the statutory definition of religion. *See* 29 C.F.R. § 1605.2. The regulations do not address whether an adverse employment action is required.

Finally, Ali argues that a few cases stand for the proposition that a showing of adverse employment action is not required in Title VII religious discrimination cases. However, none of the cases she cites stand for, or even suggest, such a proposition. For example, Ali relies upon *Rodriguez v. City of Chicago*, 156 F.3d 771 (7th Cir. 1998). In *Rodriguez* the plaintiff police officer, who was Catholic, objected to being assigned to guard abortion clinics. The officer was employed throughout the litigation. Because the officer remained employed, Ali argues that *Rodriguez* held that a showing of adverse employment action is not required. However, *Rodriguez* rejected the plaintiff's claim on an alternative ground without ever reaching the question of whether a showing of adverse employment action is required. *See id.* at 776. *Rodriguez*, therefore, is of no help to Ali.

In conclusion, a Title VII plaintiff claiming discrimination on the basis of religion must allege adverse employment action in order to survive a motion to dismiss under Rule 12(b)(6). The judgment of the district court is therefore

*AFFIRMED*.