**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2081**

JANEENE J. JENSEN-GRAF,

             Plaintiff - Appellant,

      v.

CHESAPEAKE EMPLOYERS' INSURANCE COMPANY,

             Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  George L. Russell, III, District Judge.
(1:14-cv-01427-GLR)

Submitted:  June 16, 2015          Decided:  June 26, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Morris  E.  Fischer,  MORRIS  E.  FISCHER,  LLC,  Silver  Spring,
Maryland, for Appellant.  Jefferson L. Blomquist, FUNK & BOLTON,
P.A., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janeene J. Jensen-Graf appeals the district court's order dismissing her Title VII action for failure to state a claim. On appeal, Jensen-Graf argues that the district court erred in finding that she did not suffer any adverse employment actions and that she failed to allege that similarly situated male employees were treated more favorably. We affirm.

In her complaint, Jensen-Graf alleged the following. Jensen-Graf is employed by Chesapeake Employers' Insurance Company ("Chesapeake") as a loss control consultant. In June 2009, Chesapeake informed her that she was required to come into the office if she did not have two onsite client visits scheduled on a day, causing her to incur personal commuting expenses. In October 2009, Chesapeake placed Jensen-Graf on a performance improvement plan ("PIP") because she was not scheduling enough meetings, did not have enough onsite client visits, and had overdue job orders. Jensen-Graf alleges these deficiencies existed because Chesapeake referred clients to her male colleagues and was assigning her job orders that were already overdue. Because of the PIP, Chesapeake required Jensen-Graf, but not her male colleagues, to have 20 onsite visits per month, 40 "activity points" per month, and attend bi-weekly meetings to discuss her performance. She also received no credit when a client cancelled a scheduled meeting.

On December 22, 2010, Jensen-Graf filed an EEOC charge against Chesapeake alleging sex discrimination. Chesapeake received notice the same day. On December 21, 2011, Jensen-Graf asked to participate in a professional development course. Chesapeake denied her request because she was on the PIP. Jensen-Graf amended her EEOC charge to include a retaliation claim, and eventually filed a complaint in district court, alleging one count of sex discrimination and one count of retaliation. The district court dismissed her complaint on the grounds that she failed to establish an adverse action as to both the discrimination and retaliation claims and that she failed to allege that similarly situated male employees were treated more favorably as to her discrimination claim.

This court reviews dismissals for failure to state a claim de novo, reviewing the facts in the light most favorable to the plaintiff. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A plaintiff need not make out a prima facie case of employment discrimination to survive a motion to dismiss. McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 584-85 (4th Cir. 2015). Rather, a plaintiff must state a claim to relief that is plausible, and not merely speculative. Id. at 585.

While a plaintiff must show the existence of an adverse employment action to show a prima facie case of employment

3

discrimination, this requirement "is derived from the statute's requirement that the employer's practice relate to 'compensation, terms, conditions or privileges of employment' or that the practice 'deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee.'" Ali v. Alamo Rent-A-Car, Inc., 8 F. App'x 156, 158 (4th Cir. 2001) (quoting 42 U.S.C. § 2000e-2(a)(1)&(2)). An adverse employment action is an action "that 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011) (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)). "[A] poor performance evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 377 (4th Cir. 2004) (internal quotation marks omitted).

Jensen-Graf's complaint fails to state a plausible discrimination claim because she has not alleged any action that could reasonably be considered an adverse employment action. She has failed to allege that she received lower pay, was demoted, was passed over for a promotion, failed to receive a

4

bonus, or given significantly different responsibilities because she was placed on the PIP. Her complaints about additional requirements being placed on her as a result of the PIP amount to nothing more than "dissatisfaction with this or that aspect of [her] work" that fails to allege an actionable adverse action. James, 368 F.3d at 377. Likewise, incurring small, additional commuting expenses is not the type of adverse employment action that is cognizable under Title VII. See, e.g., Cooper v. United Parcel Serv., Inc., 368 F. App'x 469, 474 (5th Cir. 2010) (collecting cases).

For similar reasons, Jensen-Graf fails to state a retaliation claim. In retaliation cases, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). Such actions need not affect the terms and conditions of employment. Id. at 64. Denial of professional development opportunities could be a materially adverse action. See id. at 69 ("excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination.").

5

The only retaliatory act Jensen-Graf alleged was the denial of a professional development course. Chesapeake denied her the course because she was on the PIP. Jensen-Graf pled no facts indicating whether this is a consistent policy of Chesapeake, whether this was a temporary denial, and whether this course was indeed required for her professional development. Moreover, she has pled no facts showing how she was harmed by the denial of this course. See Allen v. Napolitano, 774 F. Supp. 2d 186, 204 (D.D.C. 2011) (dismissing retaliation claim based on refusal to authorize training courses when plaintiff failed to allege any significant change in her employment or objectively tangible harm). Without these facts, we cannot reasonably infer that Jensen-Graf suffered an adverse action so as to state a plausible retaliation claim.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED