Affirmed by published opinion. Judge NIEMEYER wrote the majority opinion, in which Judge DIAZ joined. Judge WYNN wrote a separate opinion dissenting in part.
NIEMEYER, Circuit Judge:
Dawnn McCleary-Evans commenced this action against the Maryland Department of Transportation’s State Highway Administration, alleging that the Highway Administration failed or refused to hire her for two positions for which she applied because of her race (African American) and her sex (female), in violation of Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-2(a)(l). In her complaint, she alleged that she was highly qualified for the positions, but that the decisionmakers were biased and had “predetermined” that they would select white candidates to fill the positions.
The district court granted the Highway Administration’s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), concluding that the complaint failed to allege facts that plausibly support a claim of discrimination. Because we agree that McCleary-Evans failed to include adequate factual allegations to support a claim that the Highway Administration discriminated against her because she was African American or female, we accordingly affirm. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (“[A] complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face’ ” (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).
I
McCleary-Evans worked for over 20 years as a project manager on environmental regulatory compliance projects while employed at the Maryland Department of Natural Resources and the Maryland Transit Administration. In late 2009 and early 2010, she applied for two open positions in the Highway Administration’s Environmental Compliance Division, interviewing first for a position as an assistant division chief and later for a position as an environmental compliance program manager. Despite her prior work experience and education, which she alleged made her “more than qualified” for the two positions, she was not selected for either position. Instead, as the complaint asserted, “The positions in question were filled by non-Black candidates.”
McCleary-Evans’ claim that the Highway Administration did not hire her “because of the combination of her race and gender” relies essentially on two paragraphs of her complaint. In one, she alleged that her applications were “subject to a review panel significantly influenced and controlled by ... Gregory Keenan, a White male in the Office of Environmental Design (‘OED’) who worked under the supervision of OED Director, Sonal Sangahvi, a non-Black woman,” and that “[djuring the course of her interview, and based upon the history of hires within OED, ... both Keenan and Sangahvi predetermined to select for both positions a White male or female candidate.” In the other paragraph, she similarly alleged that, “although African American candidates had been among the selection pool,” “Keenan and *584 Sangahvi, for reasons of race and gender, overlooked the African American candidates to select White male, preferably, and White female candidates.” In short, she claimed in conclusory fashion that the decisionmakers were biased when making the decision. And the complaint did not include any allegations regarding the qualifications or suitability of the persons hired to fill the two positions.
In dismissing her claim, the district court concluded that McCleary-Evans had failed to “allege facts that plausibly support a claim of discrimination.” The court reasoned that because this was a case with “no direct evidence of discrimination,” McCleary-Evans needed to allege facts sufficient to “state a prima facie case of discrimination for failure to hire by showing: (1) that she is a member of the protected class; (2) that the employer had an open position for which she applied or sought to apply; (3) that she was qualified for the position; and (4) that she was rejected under circumstances giving rise to án inference of unlawful discrimination.” It noted that, while McCleary-Evans had sufficiently alleged the first three prongs of the prima facie case, she had not “stated facts sufficient to meet the pleading requirements as to the fourth prong.” Her complaint, the court said, “offerfed] nothing to support her conclusory assertions [of discrimination] beyond an unsubstantiated mention of ‘a history of hires’ within the division[] and statements identifying her race, the races of the two members of the hiring review panel, and the races of the two applicants hired for the positions.” The court concluded that, “[b]ecause discrimination cannot be presumed simply because one candidate is selected over another cándidate, McCleary-Evans ha[d] not pled adequate facts to give rise to a reasonable inference of discrimination.”
From the district court’s order dismissing her complaint, McCleary-Evans filed this appeal.
II
McCleary-Evans contends that the district court imposed on her a pleading standard “more rigorous” than Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), allows, by analyzing her claim under the standard set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for proving a prima facie case of discrimination. She maintains that, the “District Court’s decision fails to demonstrate the deficiency of the Complaint as a pleading, but rather offers authority that only works as a challenge to demonstrate deficiency as evidentiary proof.” (Emphasis added).
In Swierkiewicz, the Supreme Court held that “an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive [a] motion to dismiss,” 534 U.S. at 515, 122 S.Ct. 992, because “[t]he prima facie case ... is an evidentiary standard, not a pleading requirement,” id. at 510, 122 S.Ct. 992, that may require demonstrating more elements than are otherwise required to state a claim for relief, id. at 511-12, 122 S.Ct. 992. The Court stated that requiring a plaintiff to plead a prima facie case would amount to a “heightened pleading standard” that would conflict with Federal Rule of Civil Procedure 8(a)(2). Id. at 512, 122 S.Ct. 992. As the Court explained:
[I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the McDonnell Douglas framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may *585 prevail without proving all the elements of a prima facie case.
Id. at 511, 122 S.Ct. 992. Accordingly, the Court concluded that “the ordinary rules for assessing the sufficiency of a complaint apply,” referring to Federal Rule of Civil Procedure 8(a)(2). Id.
In light of Swierkiemcz, McCleary-Evans appropriately argues that the district court erred in its analysis by requiring her to plead facts establishing a prima facie case of discrimination to survive a motion to dismiss. But the district court’s erroneous analysis in'this case will not save the complaint if, under the “ordinary rules for assessing the sufficiency, of a complaint,” Swierkiewicz, 534 U.S. at 511, 122 S.Ct. 992, it fails to state a plausible claim for relief under Title VII. See Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir.2010) (“[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiemcz, ‘[fjactual allegations must be enough to raise a right to relief above the speculative level’” (citation omitted) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955)).
Federal Rule of Civil Procedure 8(a)(2) “requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.” Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks and citation omitted). But this rule for pleading “requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” Id. Instead, a complaint must contain “[f]actual allegations [sufficient] to raise a right to relief above the speculative level.” Id.; see also Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (holding that a complaint “tendering] ‘naked assertions]’ devoid of ‘further factual enhancement’ ” does not “suffice” (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955)). The Supreme Court has accordingly held that Rule 8(a)(2) requires that “a complaint ... containf ] sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face’ ” in the sense that the complaint’s factual allegations must allow a “court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (emphasis added) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955); see also Coleman, 626 F.3d at 191 (finding a complaint inadequate because its allegations “fail[ed] to establish a plausible basis for believing ... that race was the true basis for [the adverse employment action]”).
In her complaint, McCleary-Evans purported to state a claim under Title VII, which means that she was required to allege facts to satisfy the elements of a cause of action created by that statute— i.e., in this case, that the Highway Administration “fail[ed] or refus[ed] to hire” her “because of [her] race ... [or] sex.” 42 U.S.C. § 2000e-2(a)(l) (emphasis added). While she did allege that the Highway Administration failed to hire her, she did not allege facts sufficient to claim that the reason it" failed to hire her was because of her race or sex. To be sure, she repeatedly alleged that the Highway Administration did not select her because of the relevant decisionmakers’ bias against African American women. But those “naked” allegations — a “formulaic recitation” of the necessary elements — “are no more than conclusions” and therefore do not suffice. Iqbal, 556 U.S. at 678-79, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 557, 127 S.Ct. 1955) (internal quotation marks omitted). For example, she alleged that “[d]uring the course of her interview, and based upon the history of hires within [the *586 Office of Environmental Design], ... both Keenan and Sangahvi predetermined, to select for both positions a White male or female candidate.” But she alleged no factual basis for what happened “during the course of her interview” to support the alleged conclusion. The allegation that the Highway Administration did not hire her because its decision makers were biased is simply too conclusory. Only speculation can fill the gaps in her complaint — speculation as to why two “non-Black candidates” were selected to fill the positions instead of her. While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is consistent with discrimination, it does not alone support a reasonable inference that the decisionmakers were motivated by bias. See id. at 678, 129 S.Ct. 1937. McCleary-Evans can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions. In short, McCleary-Evans’ complaint “stopfped] short of the line between possibility and plausibility of entitlement to relief.” Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted).
In his dissent, Judge Wynn asserts that our holding “ignores the factual underpinnings” of Swierkiewicz, post, at 589, which approved an employment discrimination complaint that, he claims, contained allegations less detailed than those made by McCleary-Evans in this case, post, at 591. A closer look at Swierkiewicz, however, reveals that it does not support this position. Swierkiewicz claimed that he had been subject to discrimination based on his age and national origin, alleging that he had been employed by a reinsurance company that was “principally owned and controlled by a French parent corporation” for about six years as the chief underwriting officer when the company’s CEO demoted him and “transferred the bulk of his underwriting responsibilities” to an employee who, like the CEO, was a French national and who was also significantly younger than Swierkiewicz. Swierkiewicz, 534 U.S. at 508, 122 S.Ct. 992. He alleged further that, about a year later, the CEO “stated that he wanted to ‘energize’ the underwriting department” and appointed the younger French national to serve as the company’s new chief underwriting officer. Id. Finally, Swierkiewicz alleged specifically that the new chief underwriting officer was “less experienced and less qualified” for the position because he “had only one year of underwriting experience at the time he was promoted,” whereas Swierkiewiez “had 26 years of experience in the insurance industry.” Id. As this last detail is precisely the kind of allegation that is missing from McCleary-Evans’ complaint, the fact that the Supreme Court found Swierkiewicz’s allegations sufficient to state a claim ultimately says little about the sufficiency of McCleary-Evans’ complaint.
Moreover, in finding the complaint sufficient, the Supreme Court in Swierkiewicz applied a different pleading standard than that which it now requires under Iqbal and Twombly. See Robertson v. Sea Pines Real Estate Cos., 679 F.3d 278, 288 (4th Cir.2012) (noting that Iqbal and Twombly “require more specificity from complaints in federal civil cases than was heretofore the case”). To be sure, those cases did not overrule Swierkiewicz’s holding that a plaintiff need not plead the evidentiary standard for proving a Title VII claim-indeed, Twombly expressly reaffirmed Swierkiewicz’s holding that the “ ‘use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules’ structure of liberal pleading requirements.’ ” Twombly, 550 U.S. at *587 570, 127 S.Ct. 1955 (quoting Twombly v. Bell Atl. Corp., 313 F.Supp.2d 174, 181 (S.D.N.Y.2003)); see, e.g., Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir.2013) (joining “[sjeveral other courts of appeals” in concluding “that the Swierkieimcz Court’s treatment of the prima facie case in the pleading context remains” good law). But Twombly and Iqbal did alter the criteria for assessing the sufficiency of a complaint in at least two respects. First, the Twombly Court explicitly overruled the earlier standard articulated in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) — and repeated in Swierkiewicz, see 534 U.S. at 514, 122 S.Ct. 992 — that “ ‘a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Twombly, 550 U.S. at 561, 127 S.Ct. 1955 (quoting Conley, 355 U.S. at 45-46, 78 S.Ct. 99); see also Iqbal, 556 U.S. at 670, 129 S.Ct. 1937 (acknowledging that Twombly “retired the Conley no-set-of-facts test”); Francis v. Giacomelli, 588 F.3d 186, 192 n. 1 (4th Cir.2009) (same). Moreover, Iqbal and Twombly articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to “survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some ‘set of [undisclosed] facts’ to support recovery.” Twombly, 550 U.S. at 561, 127 S.Ct. 1955 (alteration in original) (emphasis added).
In short, in addition to the fact that the Swierkiewicz complaint contained more relevant factual allegations for stating a Title VII claim than does McCleary-Evans’ complaint, the Swierkiewicz Court also applied a pleading standard more relaxed than the plausible-claim standard required by Iqbal and Twombly. At bottom, therefore, the Supreme Court has, with Iqbal and Twombly, rejected the sufficiency of complaints that merely allege the possibility of entitlement to relief, requiring plausibility for obtaining such relief and thus rejecting a complaint in which the plaintiff relies on speculation. See Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (“Factual allegations must be enough to raise a right to relief above the speculative level” (emphasis added)).
Thus, contrary to Judge Wynn’s assertions about the applicability of Swierkiewicz, it is clear that that decision does not control the outcome here because: (1) the complaint in Swierkiewicz alleged that the plaintiff was more qualified than the younger French person appointed to replace him-an allegation that McCleary-Evans has not made; and (2) Sivierkiewicz in any event applied a more lenient pleading standard than the plausible-claim standard now required by Twombly and Iqbal.
Applying the Twombly/Iqbal standard here reveals that McCleary-Evans’ complaint suffers from the same deficiencies that defeated the complaint in Iqbal. In Iqbal, the plaintiff, a Muslim citizen of Pakistan who was detained after 9/11, alleged in a conclusory fashion that he was treated harshly pursuant to a policy adopted by the Attorney General and the Director of the FBI solely on account of his race, religion, or national origin. See 556 U.S. at 680-81, 129 S.Ct. 1937. The Supreme Court found the complaint insufficient because it had “not ‘nudged [his] claims’ of invidious discrimination ‘across the line from conceivable to plausible,’ ” id. at 680, 129 S.Ct. 1937 (alteration in original) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955), explaining that his factual allegations did not “plausibly suggest” that the Attorney General and the FBI Director had acted with a “discriminatory state of mind,” id. at 683, 129 S.Ct. 1937.
*588 Similarly, McCleary-Evans’ complaint leaves open to speculation the cause for the defendant’s decision to select someone other than her, and the cause that she asks us to infer (i.e., invidious discrimination) is not plausible in light of the “ ‘obvious alternative explanation’ ” that the decisionmakers simply judged those hired to be more qualified and better suited for the positions. Iqbal, 556 U.S. at 682, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 567, 127 S.Ct. 1955). Indeed, the consequence of allowing McCleary-Evans’ claim to proceed on her complaint as stated would be that any qualified member of a protected class who alleges nothing more than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion. Such a result cannot be squared with the Supreme Court’s command that a complaint must allege “more than a sheer possibility that a defendant has acted unlawfully.” Id. at 678, 129 S.Ct. 1937.
In sum, while the district court improperly applied the McDonnell Douglas evidentiary standard in analyzing the sufficiency of McCleary-Evans’ complaint, contrary to Swierkiewicz, the court nonetheless reached the correct conclusion under Twombly and Iqbal because the complaint failed to state a plausible claim for relief, as required by Federal Rule of Civil Procedure 8(a)(2). Accordingly, we affirm.

AFFIRMED.