**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1838**

BLANCA KLING,

    Plaintiff - Appellant,

  v.

MONTGOMERY COUNTY, MARYLAND,

    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:15-cv-02866-PWG)

Submitted: April 23, 2019       Decided: June 7, 2019

Before THACKER and RICHARDSON, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Levi S. Zaslow, Timothy F. Maloney, JOSEPH, GREENWALD & LAAKE, PA, Greenbelt, Maryland, for Appellant. Marc P. Hansen, County Attorney, John P. Markovs, Deputy County Attorney, Edward B. Lattner, Chief, Division of Government Operations, Jeannette Frumkin, Associate County Attorney, Erin J. Ashbarry, Associate County Attorney, OFFICE OF THE COUNTY ATTORNEY, Rockville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Blanca Kling filed a complaint against Montgomery County, Maryland ("the County"), alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d). Kling appeals the district court's orders dismissing her Title VII claim and granting summary judgment to the County on her Equal Pay Act claim. Finding no reversible error, we affirm.

I.

Kling contends that the district court erred in dismissing her Title VII claim because the court erroneously required her to plead a prima facie case of discrimination and because her allegations were sufficient to show that another county employee, Luis Martinez, performed similar work at a higher salary.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (alterations and internal quotation marks

3

omitted). Kling is correct that she was not required to plead a prima facie case of discrimination to survive a motion to dismiss. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015). However, her complaint still had to meet "the ordinary rules for assessing the sufficiency of a complaint" and was subject to dismissal if "it fail[ed] to state a plausible claim for relief under Title VII." *Id.* at 585 (internal quotation marks omitted). Kling therefore had to plausibly allege that her lower pay was "because of" her sex. *Id.*

Kling's complaint did not allege—even in conclusory fashion—that sex discrimination was a cause of the difference in pay between her and Martinez. Nor could one plausibly infer such discrimination from the bare fact that a higher-paid male employee shared some general job duties with her, when the male employee concededly had a different job classification and worked in an entirely different department of county government. Therefore, this claim was properly dismissed.

## II.

Kling also argues that the district court erred in granting summary to the County on her Equal Pay Act claim. We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact

4

exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

The Equal Pay Act prohibits an employer from paying an employee less than employees of the opposite sex for equal work. 29 U.S.C. § 206(d)(1). To succeed on an Equal Pay Act claim, a plaintiff must first make a prima facie case establishing "(1) the [employer] paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility (3) under similar working conditions." *Spencer v. Va. State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019). "Once a plaintiff has made the required prima facie showing, . . . the burdens of production *and* persuasion shift to the defendant-employer to show that the wage differential was justified by one of four affirmative defenses listed in the statute." *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018).

We agree with the district court that Kling failed to establish her prima facie case. To establish the second prong of her prima facie case, Kling was required to identify a comparator who "performed work virtually identical . . . to the plaintiff's in skill, effort, and responsibility." *Spencer*, 919 F.3d at 203 (internal quotation marks omitted). In making this showing, "a plaintiff may not rely on broad generalizations at a high level of abstraction." *Id.* at 204. Additionally, a job is not equal "if the more highly paid job

5

involves additional tasks which (1) require extra effort (2) consume a significant amount of the time and (3) are of an economic value commensurate with the pay differential." *Wheatley v. Wicomico Cty.*, 390 F.3d 328, 333 (4th Cir. 2004) (alterations omitted).

Martinez's and Kling's jobs were not equal. For example, although both jobs involve outreach, Martinez was responsible for outreach to all minority communities, while Kling was only responsible for outreach to the Hispanic community. Additionally, Martinez had a significant role translating documents and overseeing translations performed by contractors, while Kling did not. Contrary to Kling's assertions, unrebutted evidence also shows that, since assuming his position in 2004, Martinez has been involved in tasks related to providing services to those with limited English proficiency ("LEP"). One of Martinez's first tasks was working with his supervisor to develop an LEP compliance program required by federal regulations. Moreover, once he and his supervisor developed the program, Martinez used it to train county employees. Kling did not perform any similar task.

In sum, although Kling's work was without doubt important to the County, we conclude that it was not "virtually identical" to Martinez's work and thus the district court correctly granted summary judgment to the County.

III.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*