**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1144**

WILLIAM PARKER,

Plaintiff - Appellant,

v.

CIENA CORPORATION; MARK GORMAN,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:14-cv-04036-GLR)

Submitted:  July 22, 2019                                   Decided:  September 27, 2019

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eden Brown Gaines, BROWN GAINES, LLC, Washington, D.C., for Appellant.  George W. Ingham, Amy Folsom Kett, HOGAN LOVELLS US LLP, McLean, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Parker filed a complaint against Ciena Corp. ("Ciena") and Mark Gorman (collectively, Appellees) alleging federal claims of race discrimination and retaliation pursuant to 42 U.S.C. § 1981 (2012) and Maryland state law claims of negligent supervision and intentional infliction of emotional distress (IIED).[1]  Parker appeals the district court's orders dismissing all but his discrimination claims, denying his motion to compel discovery, imposing sanctions on his counsel, and granting summary judgment to the Appellees on his discrimination claim.  Finding no reversible error, we affirm.

I.

Parker first challenges the district court's summary judgment order.  We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015).  "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).  In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted).  However, "the nonmoving party must rely on more

---

[1] On appeal, Parker has abandoned his tortious interference with a prospective advantage claim.

2

than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Parker proceeded under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (recognizing Title VII[2] and § 1981 claims are governed by the same standard). Under *McDonnell Douglas*, Parker was first required to:

> demonstrate[] a prima facie case of race discrimination by showing that (1) he is a member of a protected class; (2) he suffered [an] adverse employment action; (3) he was performing his job duties at a level that met [the Appellees'] legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

*Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).

We conclude that the district court did not err in finding that Parker failed to establish a genuine dispute of material fact showing that he was meeting the Appellees' legitimate performance expectations.[3] Gorman not only disapproved of Parker's handling of Project Capstan, but also had the outside contractor remove the white project manager

---

[2] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018).

[3] We also conclude that the district court's order disposed of all of the claims properly before it. *See Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017).

3

from the project. Even assuming that Gorman's view of Parker's handling of Project Capstan was tainted by racial bias, other employees complained about Parker's performance; there are numerous emails in the record evidencing other employees' concerns about Parker's inability to handle several projects. Parker has offered no evidence to show these employees acted on the basis of racial animus. Moreover, Parker himself admitted in his self-evaluation that he needed to perform better by delegating tasks to other employees, providing objective evidence supporting Gorman's belief that Parker was not adequately delegating to other employees. As to Parker's compensation claim concerning the payment of bonuses, the record reveals that Parker received a bonus whenever he received a positive performance review, but did not receive a bonus upon receiving a negative review.[4] Accordingly, we affirm the district court's order granting summary judgment.

## II.

Turning to the district court's order dismissing three of the claims Parker alleged in his complaint, we review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss,

---

[4] To the extent that Parker contends that his white coworker, David Bains, received a higher base salary, we agree with the district court that Parker did not adequately allege such a claim in his amended complaint and thus the court properly declined to consider this claim. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

4

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (brackets and internal quotation marks omitted).

To establish a prima facie case of retaliation, a plaintiff is required to "show (1) that [he] engaged in protected activity; (2) that [his] employer took an adverse action against [him]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (4th Cir. 2015) (alteration and internal quotation marks omitted). As the district court correctly recognized, a Title VII plaintiff need not plead facts that constitute a prima facie case to survive a motion to dismiss. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015).

To state that he engaged in a protected activity,[5] Parker must only allege that he "opposed an unlawful employment practice which he reasonably believed had occurred or was occurring." *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003) (internal quotation marks omitted). We have "articulated an expansive view of what constitutes oppositional conduct, recognizing that it encompasses utilizing informal grievance procedures as well

---

[5] While Parker was not required to plead a prima facie case, he was required to plead sufficient facts to allege he engaged in a protected activity; without engaging in a protected activity, there is no basis to conclude that the Appellees could have engaged in unlawful retaliation. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010).

as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015) (internal quotation marks omitted). However, Parker only alleged that he complained about general workplace grievances regarding a lack of resources and Gorman's rude treatment of him; he did not allege that he made a complaint of discrimination, nor do his allegations lead to the inference that the Appellees would have understood his complaint to be about unlawful employment practices. Such a complaint does not amount to protected activity. *See Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1007-08 (7th Cir. 2000). Thus, we conclude that the district court correctly dismissed the retaliation claim.

To state an IIED claim under Maryland law, a plaintiff must allege that the defendant's conduct was: (1) intentional or reckless; (2) extreme and outrageous; and (3) caused the plaintiff severe emotional distress. *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 113 (Md. 2000). Moreover, because an IIED claim is subject to a heightened pleading standard, "each of these elements must be pled and proved with specificity." *Id.* (alteration and internal quotation marks omitted). Maryland courts have rejected an employee's IIED claim based in part on the supervisor's physical assault of the employee. *See Beye v. Bureau of Nat'l Affairs*, 477 A.2d 1197, 1204-05 (Md. Ct. Spec. App. 1984). Here, Parker only alleged that Gorman threatened to punch him, and thus we conclude that his complaint fails to state a claim for IIED. And because Parker concedes that the district court correctly determined that his negligent supervision claim depends on his IIED claim,

6

*see Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 751 (D. Md. 1996), we affirm the district court's dismissal of his state law claims.

## III.

Finally, Parker contends that the magistrate judge and district court erred in denying his motion to compel and awarding sanctions to Appellees. We review both decisions for abuse of discretion. *See Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018) (sanctions); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189 (4th Cir. 2017) (discovery rulings). We have reviewed the record and find no abuse of discretion. Parker fails to explain how his requested discovery would have altered the district court's conclusion that he was failing to meet the Appellees' legitimate performance expectations. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing Fed. R. Civ. P. 61). Additionally, the sanctions order is amply supported by the record, including counsel's baseless accusation that the magistrate judge acted on the basis of racial bias and her repeated abuse of the Appellees' witnesses during their depositions.

## IV.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7