**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 20-1950**

───────────────

MELANIE HOOD-WILSON,

    Plaintiff - Appellant,

        v.

COMMUNITY COLLEGE OF BALTIMORE COUNTY,

    Defendant - Appellee.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge.  (1:20-cv-00124-RDB)

───────────────

Submitted:  June 8, 2021                    Decided:  June 24, 2021

───────────────

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

───────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────────

Yaida O. Ford, FORD LAW PROS, P.C., Washington, D.C., for Appellant.  Clifford B. Geiger, Bernadette M. Hunton, KOLLMAN & SAUCIER, P.A., Timonium, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melanie Hood-Wilson appeals the district court's order dismissing her failure to promote claim. Because she does not appeal the dismissal of her disparate discipline claim, or her claims under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606 (LexisNexis 2020), we affirm the dismissal of these claims. *See Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017). However, we conclude the district court erred in dismissing her failure to promote claim and, thus, vacate this portion of the court's order.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that [s]he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

Hood-Wilson is correct that the district court erred in requiring her to plead a prima facie case of discrimination to survive a motion to dismiss. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015). Instead, Hood-Wilson must allege enough facts to show that she was not promoted because of her race and/or sex. *Id.* at 585.

2

However, "the district court's erroneous analysis . . . will not save the complaint if, under the ordinary rules for assessing the sufficiency of a complaint, it fails to state a plausible claim for relief under Title VII."[*] *Id.* (cleaned up). We have cautioned that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Woods v. City of Greensboro*, 855 F.3d 639, 652 (4th Cir. 2017) (cleaned up).

Construing the complaint in Hood-Wilson's favor, as we must at this stage in the litigation, we conclude that she has alleged a plausible claim of discrimination. Hood-Wilson stated that her supervisor harbored racial animus, making remarks that appear to be racially biased or targeted Hood-Wilson based on her race. Although the district court focused on Hood-Wilson's inclusion of information regarding her failure to properly review her subordinates' timesheets, she included these allegations to show that one of the white men who was promoted had a similar issue, and that a second white male peer received a raise despite approving some of the timesheets Hood-Wilson was disciplined over. Additionally, Hood-Wilson claimed that her two Black women subordinates were demoted for their conduct, yet a white male who engaged in similar misconduct was not. Thus, Hood-Wilson has pled facts that, if proven true, could show that her supervisor, who is alleged to be a decisionmaker in the promotion process, harbored a racial or gender animus. Although discovery may prove these comparators are distinguishable,

---

[*] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17

"evidentiary determinations regarding whether the comparators' features are sufficiently similar to constitute appropriate comparisons generally should not be made at this point." *Id.* at 650. Moreover, while the district court stated that Hood-Wilson only alleged that she was equally qualified to the three white males selected for the vacant positions to which she applied, she in fact alleged that she was more qualified, highlighting the growth of her department during her tenure and several accolades she had received.

Therefore, we affirm the district court's order in part, vacate in part, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*