**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-2016**

RECARDO TERRY,

       Plaintiff - Appellant,

    v.

SONNY PERDUE, Secretary of the United States Department of Agriculture,

       Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:18-cv-00031-JKB)

Submitted: June 29, 2021                          Decided: August 5, 2021

Before AGEE, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David A. Branch, LAW OFFICE OF DAVID A. BRANCH & ASSOCIATES, PLLC, Washington, D.C., for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Rebecca A. Koch, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Recardo Terry appeals the district court's order dismissing three of the four claims alleged in his complaint and granting summary judgment to Sonny Perdue, the former Secretary of Agriculture, on his remaining claim raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Rehabilitation Act of 1973 (RA), as amended, 29 U.S.C. §§ 701 to 796l.[1]  Finding no error, we affirm.

I.

Terry first contends that the district court erred in dismissing his discrimination and failure-to-accommodate claims.  We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

---

[1] Perdue was the appropriate defendant when the district court entered the orders on appeal.

The district court concluded that Terry failed to state a discrimination claim because he failed to allege that his employer, the United States Department of Agriculture (USDA), took an adverse employment action against him. A plaintiff is not required to plead a prima facie case of discrimination under Title VII to survive a motion to dismiss. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015). While the requirement that a plaintiff establish that his employer took an adverse employment action is part of the prima facie case, this requirement comes directly from the statute's text that the employer's practice relate to "compensation, terms, conditions or privileges of employment" or that the employer "deprive any individual of employment opportunities or otherwise adversely affect his status as an employee." 42 U.S.C. § 2000e-2(a)(1) & (2); *see also* 42 U.S.C. § 2000e-16(a). And a disability discrimination claim also requires a plaintiff to establish an adverse employment action. *See Abilt v. Cent. Intel. Agency*, 848 F.3d 305, 315 (4th Cir. 2017).

"An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (cleaned up). Examples of an adverse employment action include a "decrease in compensation, job title, level of responsibility, or opportunity for promotion." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (internal quotation marks omitted).

As for Terry's request for a compressed work schedule or maxi-flex schedule, we have held that an employer does not commit an adverse employment action when it

3

requires an employee to comply with its sick leave policy.[2] *Von Gunten v. Maryland*, 243 F.3d 858, 869 (4th Cir. 2001), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62, 66-68 (2006). Moreover, although Terry claimed an adverse employment action based on the loss of one telework day, he admitted that the USDA eventually allowed him to telework five days a week. Additionally, the loss of one telework day did not change the terms and conditions of his employment. *See Boss v. Castro*, 816 F.3d 910, 918 (7th Cir. 2016).

Finally, as for the proposed 14-day suspension, we have recognized that reprimands and poor performance evaluations alone "are much less likely to involve adverse employment actions than the transfers, discharges, or failures to promote whose impact on the terms and conditions of employment is immediate and apparent." *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015). In *Adams*, we concluded that the plaintiff's claim failed because he "failed to link such matters . . . to some material change in the conditions of his employment." *Id.* Here, in his complaint, Terry did not allege that he was actually suspended or that he suffered a material harm, such as a loss of pay, from the proposed suspension. While Terry now states in his brief that he was in fact suspended, "parties cannot amend their complaints through briefing." *S. Walk at*

---

[2] Furthermore, Terry's deposition testimony contradicts part of the claim that he alleged in his complaint, as he testified that he is on a maxi-flex schedule. Accordingly, we may affirm the dismissal of this claim for this reason as well. *See Belville v. Ford Motor Co.*, 919 F.3d 224, 236 n.9 (4th Cir. 2019) (declining to address claims dismissed under Rule 12(b)(6) because they would have failed at summary judgment based on evidence considered by district court).

4

*Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

The district court also dismissed Terry's failure-to-accommodate claim. The RA prohibits federal agencies from discriminating against a qualified individual "solely by reason of her or his disability." 29 U.S.C. § 794(a). The RA expressly incorporates the standards applied under the Americans with Disabilities Act (ADA), § 794(d), which also bars discrimination against a "qualified individual on the basis of disability," 42 U.S.C. § 12112(a); *see Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264 n.9 (4th Cir. 1995) (explaining that same elements apply to ADA and § 504 of RA). To state a claim for a failure to accommodate, a plaintiff must allege that (1) he suffers a disability; (2) his employer had notice of the disability; (3) with reasonable accommodations, he is otherwise qualified to perform the employment position in question; and (4) his employer refuses to make such reasonable accommodations. *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013).

We have recognized that allowing an employee to take leave to attend medical appointments constitutes a reasonable accommodation. *Rodgers v. Lehman*, 869 F.2d 253, 259 (4th Cir. 1989). But we have not suggested that such leave must be paid. *See Wilson*, 717 F.3d at 345 n.7 (discussing requirements for leave, either pay or unpaid, to be a reasonable accommodation). Terry has not alleged that he was unable to attend his medical appointments or that he was ever punished for attending such appointments; rather, he wanted the USDA to change his schedule so that he did not have to use leave. Moreover, Terry's complaint did not allege that, after his group therapy sessions concluded, that he

5

could only seek therapy on Mondays. Finally, as for telework, Terry's complaint did not allege that he could not perform the essential functions of the job without teleworking full-time. To the contrary, Terry alleged that he had partial telework at the time he requested an accommodation, and that once the parties began discussing potential accommodations, the USDA granted his request for full-time telework. Thus, we affirm the district court's order partially granting the USDA's motion to dismiss.

## II.

Terry also contends that the district court erred in granting summary judgment on his retaliation claim. We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

A plaintiff may demonstrate retaliation through either direct evidence of retaliation or through the *McDonnell Douglas*[3] pretext framework. *Laing v. Fed. Express Corp.*, 703 F.3d 713, 717 (4th Cir. 2013). "Direct evidence encompasses conduct or statements that both (1) reflect directly the alleged [retaliatory] attitude, and (2) bear directly on the contested employment decision." *Id.* (internal quotation marks omitted). However, "in the absence of a clear nexus with the employment decision in question, the materiality of stray or isolated remarks is substantially reduced." *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 300 (4th Cir. 2010). While Terry argues that his supervisor's remarks at a meeting constitute direct evidence of retaliation, considering the relevant context, we conclude that her statement was at worst ambiguous and not indicative of retaliatory animus.

Under *McDonnell Douglas*, to establish a prima facie case of retaliation, Terry was required to "show (1) that [he] engaged in protected activity; (2) that [his] employer took an adverse action against [him]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (internal quotation marks omitted). The USDA then must proffer a legitimate, nonretaliatory reason for denying Terry's requested accommodation. *Id.* Finally, Terry had the burden to show that the USDA's legitimate reason was, in fact, a pretext for intentional retaliation. *Id.* "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *see also*

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

*Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015) ("*Nassar* does not alter the legal standard for adjudicating a *McDonnell Douglas* retaliation claim.").

Here, the district court assumed that Terry satisfied his prima facie case. On appeal, Terry does not argue that the district court erred in concluding that the USDA offered a legitimate, nonretaliatory reason for declining to give him Mondays off—that its staffing needs required everyone to work five days a week. Terry argues that the USDA's claim that his medical documentation was insufficient to establish that he needed Mondays off was pretextual. A plaintiff can establish pretext by showing that his employer's proffered reason for the adverse action "are inconsistent over time, false, or based on mistakes of fact." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019).

We conclude that the USDA's explanation was not pretextual. The May letter explicitly stated that Terry was attending group therapy sessions on Monday, which presumably could not occur on any day of the week, and the USDA allowed Terry to work 4 10-hour days so he could attend the 12 required sessions. By contrast, the October letter merely stated that Terry was attending individual therapy sessions on Mondays. The letter did not state that these sessions could not occur at a different time, nor did they even explain how long these sessions were. Thus, the district court did not err in rejecting Terry's pretext argument.

## III.

Therefore, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*