**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2394**

DAVID LOOSE,

Plaintiff - Appellant,

v.

CSRA INC.; GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.; GENERAL DYNAMICS CORPORATION,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, Senior District Judge. (1:19-cv-00471-AJT-IDD)

Submitted: August 11, 2021                    Decided: September 29, 2021

Before WILKINSON and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elaine Charlson Bredehoft, Hans H. Chen, Adam S. Nadelhaft, CHARLSON BREDEHOFT COHEN & BROWN, P.C., Reston, Virginia, for Appellant. Robert W. Loftin, Richmond, Virginia, Stephen W. Robinson, John E. Thomas, Jr., MCGUIREWOODS LLP, Tysons, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Loose filed the subject civil action against General Dynamics Corporation ("GDC"), General Dynamics Information Technology, Inc. ("GDIT"), and CSRA Inc. ("CSRA"), alleging three violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA): (1) discriminatory termination (against CSRA); (2) discriminatory failure to hire (against GDC and GDIT); and (3) retaliation (against CSRA, GDC, and GDIT). The district court granted Defendants' partial motion to dismiss, dismissing the retaliation claim as to all Defendants and dismissing GDC as a party to the case. The court granted Defendants' motion for summary judgment as to the remaining claims. Loose appeals both orders. Finding no reversible error, we affirm.

We turn first to the district court's order granting Defendants' partial motion to dismiss. We review de novo a district court's order granting a motion to dismiss, "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plaintiffs need not plead a prima facie case at this stage but must plead sufficient facts "to satisfy the elements of a cause of action created by [the applicable] statute." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015). In evaluating a motion to dismiss, courts need not accept "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences,

2

unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted).

Upon a review of the record, we conclude that Loose did not plead sufficient facts to satisfy the elements of his retaliation claim because he did not plausibly allege the required connection between his alleged opposition under the ADEA and an adverse employment action. *See* 29 U.S.C. § 623(d). Loose also did not plead sufficient facts to satisfy the elements of his only remaining claim against GDC—failure to hire—because he did not plausibly allege that GDC had open positions or any responsibility over hiring for its subsidiary's open positions. *See* 29 U.S.C. § 623(a)(1). Accordingly, the district court did not err in granting Defendants' partial motion to dismiss.

We turn next to the district court's order granting Defendants' motion for summary judgment as to Loose's remaining claims. "We review a district court's grant of summary judgment de novo." *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011). "A dispute is 'genuine' for these purposes so long as a reasonable jury could resolve it in [the nonmovant's] favor." *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021). To avoid summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon

3

another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

"The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the person's age." *E.E.O.C. v. Baltimore Cnty.*, 747 F.3d 267, 272 (4th Cir. 2014) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To prevail on a claim of age discrimination under the ADEA where, as here, there is no direct evidence of such discrimination, the plaintiff first has the burden of establishing a prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-02 (1973); *see also Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004) (applying *McDonnell Douglas* framework to ADEA claims). If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment action. *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002). Once the employer comes forward with such a reason, "the burden reverts to the plaintiff to establish that the employer's nondiscriminatory rationale is a pretext for intentional discrimination." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 258 (4th Cir. 2006).

The district court held that Loose had not established a prima facie case of discriminatory termination or failure to hire. We agree.[*] To establish a prima facie case of discriminatory termination, Loose had to demonstrate that:

---

[*] We reject Loose's claim that the district court erred by analyzing the two counts separately. Loose pled the two counts separately and cannot now claim that the district
(Continued)

(1) he is a member of a protected class, (2) he suffered an adverse employment action (such as discharge), (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class.

*Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006). The district court properly found that, because Loose's position was eliminated as part of a merger, he was unable to establish the fourth prong. Accordingly, the district court did not err in granting Defendants' motion for summary judgment on this claim.

To establish a prima facie failure to hire claim, Loose had to demonstrate that "(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998). Here, again, the district court properly found that Loose did not present sufficient evidence to establish the fourth prong. Although Loose argues that there was a pattern of age-based discrimination, the few positions for which GDIT was hiring presented too small of a sample to have any predictive value. *See Vaughan v. Metrahealth Cos., Inc.*, 145 F.3d 197, 203-04 (4th Cir. 1998), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-49 (2000). Moreover, approximately half of the individuals hired by GDIT were also members of the protected group which, while not conclusive, weighs against Loose's claim. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d

---

court erred by "follow[ing] the very procedure that [Loose] requested." *United States v. Umana*, 750 F.3d 320, 358 (4th Cir. 2014).

5

507, 513 (4th Cir. 1994).  Without any other evidence giving rise to an inference of unlawful discrimination, no genuine issue of material fact remained.  Accordingly, the district court did not err in granting Defendants' motion for summary judgment on this claim.

We affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*