**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1544**

GILBERT H. AMIS, III,

        Plaintiff - Appellant,

     v.

ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cv-00541-FDW-DCK)

Submitted:  December 28, 2021                Decided:  April 12, 2022

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Kristen E. Finlon, ESSEX RICHARDS, P.A., Charlotte, North Carolina; A. Marques Pitre, PITRE & ASSOCIATES, LLC, Washington, D.C., for Appellant.  William T. Stetzer, Acting United States Attorney, Elizabeth Greenough, Assistant United States Attorney, James M. Sullivan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilbert H. Amis, III, appeals the district court's order dismissing his complaint which raised discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621 to 634, and the Rehabilitation Act of 1973 (RA), as amended, 29 U.S.C. §§ 701 to 796l, and a retaliation claim under Title VII. Finding no reversible error, we affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020). And we may "affirm on any grounds supported by the record." *Attkisson v. Holder*, 925 F.3d 606, 624 (4th Cir. 2019) (internal quotation marks omitted).

A plaintiff is not required to plead a prima facie case of discrimination to survive a motion to dismiss. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015). Instead, Amis must allege enough facts to show that he was not promoted

2

because of his sex, age, or disability. *Id.* at 585. A plaintiff does not state a claim if his allegations of discrimination "stop short of the line between possibility and plausibility of entitlement to relief." *Id.* at 586 (cleaned up).

We conclude that Amis failed to meet this standard. Amis alleged that he was more qualified than the person who received the promotion. However, that was a conclusory allegation we need not accept. Amis did not allege any facts about the position other than the desired experience that the employer sought. And his complaint discusses only one of three requirements for an applicant to qualify for the position. Moreover, he failed to allege anything about the job duties that might raise an inference of discriminatory animus. After all, both he and the person who received the promotion worked for the employer in supervisory roles.

Furthermore, Amis was 1 of 39 qualified individuals who applied for the position and did not receive an interview. Based on Amis' theory, any of these 39 individuals could state a claim for discrimination simply by alleging that they were more qualified. And while it is reasonable to infer that the interview panel knew Amis' sex based on his first name, Amis did not allege in his complaint that he disclosed his age or disability on his employment application. Thus, there is no basis to conclude that the interview panel was aware of Amis' sex, age, or disability when they selected candidates to interview.

Turning to the retaliation claim, to state a prima facie case of retaliation, a plaintiff must allege "(1) that he engaged in protected activity; (2) that his employer took an adverse action against him; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 578 (4th

Cir. 2015) (cleaned up). A plaintiff may attempt to demonstrate that a protected activity caused an adverse action through two routes. First, a plaintiff may establish that the adverse act bears sufficient temporal proximity to the protected activity. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (per curiam). Second, a plaintiff may establish the existence of other facts that suggest the adverse employment action occurred because of the protected activity. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (recognizing that "other relevant evidence may be used to establish causation" where temporal proximity is missing). While Amis was not required to plead facts to establish a prima facie case, he must "allege facts to satisfy the elements of a cause of action created by" Title VII. *See McCleary-Evans*, 780 F.3d at 585.

The district court correctly determined that Amis failed to allege a plausible retaliation claim. Amis does not allege when he engaged in prior protected activity and thus may not proceed through the temporal proximity method. Moreover, Amis did not sufficiently allege that the relevant decisionmakers in this case were aware that he had engaged in prior protected activity. His allegation that many managerial personnel were aware of the activity and that the decisionmakers were managerial personnel is not enough to infer a retaliatory animus. Amis does not allege how many managerial personnel knew about his protected activity, let alone how many managerial personnel there are in total. Without more, we can't find a "more-than-conceivable chance" that the decisionmakers knew of his protected activity. *Upstate Forever*, 887 F.3d at 645.

4

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*