# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 18-1577

ALAN SCOT TICKLES,

        Plaintiff - Appellant,

      v.

SHERIFF TERRY S. JOHNSON, in his official capacity as Alamance County Sheriff,

        Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Senior District Judge. (1:17-cv-00709-NCT-JLW)

Submitted: March 24, 2020                                      Decided: April 7, 2020

Before WILKINSON, AGEE and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig Hensel, HENSEL LAW, PLLC, Greensboro, North Carolina, for Appellant.  William L. Hill, Torin L. Fury, FRAZIER HILL & FURY, RLLP, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Scot Tickles ("Appellant") appeals the district court's order dismissing his complaint, in which he alleged that Alamance County Sheriff Terry S. Johnson ("Appellee") refused to promote him and then terminated him in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (the "ADEA"). The district court concluded that Appellant's complaint failed to state an ADEA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For his part, Appellant contends he alleged sufficient facts from which to conclude that Appellee failed to promote him and terminated him because of his age. Because the allegations in Appellant's complaint are insufficient to raise a right to relief above the speculative level, we affirm.

I.

On August 2, 2017, Appellant filed a complaint ("Complaint") against Appellee in the Middle District of North Carolina alleging the following.

At all relevant times, Appellee was aware Appellant was over 40 years old. Appellee is responsible for hiring deputies and other employees and has a hierarchical system in which employees are assigned a rank, which affords them a certain pay and authority over other employees. Before an employee can be promoted to a higher rank, they were "supposed to meet minimum standards" set by Appellee called "Guidelines." J.A. 5–6.[*] The Guidelines are not available to the public and are maintained in a closed

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

computer system in Appellee's office. Appellee hired Appellant as a detention officer in the Alamance County Detention Center on January 2, 2009, when Appellant was 42 years old. Appellant was originally ranked as Detention Officer 1, and he received promotions to Detention Officer 2, Detention Officer 3, and Corporal in "the shortest amount of time possible." *Id.* at 6.

Yet on May 22, 2015, at age 48, Appellant applied for a promotion to Sergeant, and he was "passed over" for the job on June 8, 2015. J.A. 6. Under the Guidelines, "a Corporal could not be considered for a Sergeant position until they served as a Corporal for 18 months." *Id.* At that time, only Appellant and one other Deputy, Kevin Dickerson, met the Guidelines' requirement for promotion to Sergeant. Instead of promoting Appellant and/or Dickerson, Appellee promoted "two younger, less qualified individuals": Johnathan Scott and Mathew Brinkley. Appellee alleged that Scott and Brinkley "both failed to meet the requisite Guidelines for promotion to Sergeant." *Id.* at 7.

On August 19, 2015, roughly two months after Appellee did not promote Appellant, and when Appellant was 49 years old, Appellee reprimanded Appellant and fired him "for making a comment about a former maintenance employee's intolerance for people of other races and ethnicities." J.A. 7. Except for this reprimand, Appellant's supervisors "only ever said that they were satisfied with his work." *Id.* at 6. Appellee alleged this reprimand "was a pretextual reason for [his] termination" because the "real reason was [his] age." *Id.* at 7, 6. Appellant also alleged that another deputy, Deputy Calicutt, who was also over 40 years old, was terminated "with[in] a few weeks of [Appellant's] termination." *Id.* at 7. Both Calicutt and Appellant "had exemplary records" prior to their terminations. *Id.*

3

"Meanwhile, [Appellee] retained and promoted younger officers who have been written up and/or placed on probation for violating [Appellee's] rules and policies." *Id*.

Appellant brought a single cause of action pursuant to the ADEA: "Disparate Treatment – Age," which was based both on failure to promote and termination. J.A. 8. On April 19, 2018, the district court dismissed the Complaint for failure to state a claim pursuant to Rule 12(b)(6). The court explained:

> [Appellant] refers to the "minimum standards" a person "was supposed to meet" before he "could be promoted" as "Guidelines." These allegations do not require [Appellee] to abide by the "Guidelines" in his promotion decisions, nor does [Appellant] otherwise allege that they are a legal requirement, normally followed, purely advisory, or in the nature of a threshold requirement rather than a qualification. While he alleges that he "met [Appellee]'s Guidelines for promotion to Sergeant," he does not allege any Guideline other than tenure as Corporal. He alleges that Scott and Brinkley were "less qualified," but does not allege the qualifications for Sergeant, his qualifications, those of Scott and Brinkley, or how theirs were inadequate.
>
> It is not reasonable to infer from these allegations that [Appellee] did not promote [Appellant] because of his age. Instead, the factual allegations leave to speculation the reason why [Appellee] did not promote [Appellant] and instead promoted Scott and Brinkley. . . .
>
> The extent of [Appellant]'s allegations in support of his discharge claim is that he was terminated two [months] after he was not promoted and, a few weeks later, Calicutt, another deputy over forty, with an exemplary record, was also terminated. However, Calicutt's termination is not a factor because there are no allegations as to why he was terminated. The fact of his being over forty is not alone sufficient to support a reasonable inference that he was terminated because of age, but, instead, leaves to speculation the reason for his termination. [Appellant] further alleges that while he and Calicutt were terminated, [Appellee] retained and promoted

4

younger officers who have violated [Appellee]'s rules and policies. [Appellant] has not alleged what rules and policies those officers violated, what those violations were, or how they compared to his remark about a former employee. From these scant allegations, it is not reasonable to infer that [Appellee] terminated [Appellant] *because of his age*. In sum, [Appellant] has failed to state a plausible claim for relief under the ADEA.

*Id.* at 24–26 (emphasis supplied). Appellant timely noted this appeal.

## II.

We review de novo a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (alterations and internal quotation marks omitted).

## III.

## A.

The ADEA "prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age because of the person's age." *EEOC v. Balt. Cty.*, 747 F.3d 267, 272 (4th Cir. 2014) (internal quotation marks

omitted); *see* 29 U.S.C. §§ 623(a), 631(a).  A plaintiff can prove age discrimination through either direct evidence of discrimination or circumstantially through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019); *see also Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (en banc) (describing *McDonnell Douglas* prima facie case of failure to promote pursuant to the ADEA).

Rule 8 of the Federal Rules of Civil Procedure requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Determining whether a complaint states a plausible claim for relief pursuant to Rule 8 is

> a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief, as required by Rule 8.

*Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (alteration and internal quotation marks omitted).

To survive a Rule 12(b)(6) motion to dismiss for failure to state an ADEA claim, Appellant is not required to plead a prima facie case of discrimination, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), but he must "allege facts to satisfy the elements of a[n] [ADEA] cause of action," *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015).  The allegations must also state a "plausible claim" for relief -- the complaint cannot contain "'naked' allegations," a "'formulaic recitation' of the necessary

6

elements," or factual allegations that are "no more than [legal] conclusions." *McCleary-Evans*, 780 F.3d at 585 (quoting *Iqbal*, 556 U.S. at 678–79). Rather, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and to support a "reasonable inference" of discrimination. *Id*. at 585, 586 (emphasis and internal quotation marks omitted).

B.

1.

The "elements of a[n] [ADEA] cause of action," *McCleary-Evans*, 780 F.3d at 585, are the following: the plaintiff is (1) over the age of 40, and (2) experienced discrimination by an employer (3) because of his age, *see Laber*, 438 F.3d at 430; 29 U.S.C. § 623(a)(1). It is undisputed that Appellant pled he was over 40, and pled that Appellee (his employer) failed to promote him and then terminated him. *See* §§ 623(a)(1)–(2) (classifying discrimination pursuant to the ADEA as "discharg[ing] any individual"; "discriminat[ing] against any individual with respect to" "compensation, terms, conditions, or privileges of employment"; and "limit[ing]" the employee "in any way which would deprive . . . an[] individual of employment opportunities."). Therefore, we focus on whether the Complaint contains factual allegations "sufficient to raise a right to relief above the speculative level" and that support a "reasonable inference" that Appellee discriminated against Appellant "because of" his age. *McCleary-Evans*, 780 F.3d at 585, 586 (emphasis and internal quotation marks omitted); § 623(a)(1).

2.

The allegations in the Complaint leave us to merely speculate that Appellant was denied a promotion and/or terminated because of his age. Even construed in the light most favorable to Appellant, his allegations are too conclusory and factually unadorned to give rise to a reasonable inference that Appellee's challenged employment decisions were made because of his age. *See McCleary-Evans*, 780 F.3d at 585–88; *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (affirming dismissal of a complaint where the allegations of race discrimination "do not rise above speculation"). Notably absent from the Complaint are specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, Appellant's own qualifications, the qualifications and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own (i.e., whether they were substantially younger than him). *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (observing the inference that employment decision was based on age discrimination "cannot be drawn from the replacement of one worker with another worker insignificantly younger"). Without such details, we are left with mere speculation. Thus, we agree with the district court's conclusion that the Complaint, while alleging facts consistent with age discrimination, failed to nudge his claims "across the line from conceivable to plausible." *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 680).

3.

Appellant asserts that he is unable to allege additional information about the promotion requirements or the qualifications and violations of his proposed comparators because he lacks access to this information absent discovery. But Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (citing Fed. R. Civ. P. 8). Insofar as Appellant is unaware of adequate facts to support a plausible claim for relief, his inability to marshal additional facts absent discovery cannot save his conclusory and speculative allegations from dismissal.

IV.

For the foregoing reasons, and the reasons stated by the district court, we affirm.

*AFFIRMED*