**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 22-1144**

―――――――――――

MARTHE LATTINVILLE-PACE,

Plaintiff − Appellant,

v.

INTELLIGENT WAVES LLC,

Defendant – Appellee.

------------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Amicus Supporting Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:21−cv−00698−LO−IDD)

―――――――――――

Submitted:  October 31, 2023                     Decided:  April 24, 2024

―――――――――――

Before DIAZ, Chief Judge, and WILKINSON and HEYTENS, Circuit Judges.

―――――――――――

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  Carla D. Brown, CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C., Reston, Virginia, for Appellant.  Lee Dougherty, Everett Dougherty, EFFECTUS PLLC, Washington, D.C., for Appellee.  Christopher Lage, Deputy General Counsel, Jennifer S. Goldstein, Associate General Counsel, Elizabeth E. Theran, Assistant

General Counsel, Jeremy D. Horowitz, Appellate Litigation Services, Office of General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marthe Lattinville-Pace, a French-Canadian human resources professional, appeals the district court's order granting Intelligent Waves, LLC's motion to dismiss her complaint, which raised age and national origin discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900 *et seq.*, *as amended by* the Virginia Values Act, Va. Code Ann. § 2.2-3905.  In her complaint, Lattinville-Pace alleged that she was unlawfully terminated by Intelligent Waves due to her age (sixty-seven when she was terminated) and her French-Canadian ancestry.

The district court dismissed the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).  The court found that Lattinville-Pace's complaint "fail[ed] to show a causal connection between her age or national origin and her termination." *Lattinville-Pace v. Intelligent Waves LLC*, No. 1:21-cv-00698, 2022 WL 453752, at *2 (E.D. Va. Jan. 20, 2022).  Instead, the court explained, it "assert[ed] mere conclusions and formulaic recitations that cannot survive a motion to dismiss." *Id.*

On appeal, Lattinville-Pace primarily contends that the district court erred in failing to apply the *McDonnell Douglas* burden-shifting framework to her age and national origin discrimination claims.*  If it had, she argues, it would have found that she pleaded a prima

---

\* In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Court "established an allocation of the burden of production and an order for the presentation of

facie case of discrimination.  She also asserts that the district court erred in applying a heightened pleading standard requiring her to prove that her age and national origin were the "but-for" causes of her termination.

We agree with Lattinville-Pace and the Equal Employment Opportunity Commission (EEOC), writing as amicus in support of Lattinville-Pace, that a plaintiff need not establish but-for causation to survive a motion to dismiss.  Rather, a plaintiff need only plead sufficient facts to plausibly support a claim of discrimination.

And we agree with the district court that Lattinville-Pace failed to adequately plead a national origin discrimination claim.  But we disagree that she failed to state a plausible age discrimination claim.  Therefore, we affirm the district court's order in part, vacate it in part, and remand the case for further proceedings consistent with this opinion.

---

proof in . . . discriminatory-treatment cases." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).  Under the Court's three-step, burden-shifting framework,

> the plaintiff-employee must first prove a *prima facie* case of discrimination by a preponderance of the evidence.  If she succeeds, the defendant-employer has an opportunity to present a legitimate, non-discriminatory reason for its employment action.  If the employer does so, the presumption of unlawful discrimination created by the *prima facie* case "drops out of the picture" and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination.

*Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 510–511).

4

I.

A.

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445–46 (4th Cir. 2015). In so doing, we accept as true "all well-pleaded, nonconclusory factual allegations in the complaint" and draw all reasonable inferences in the plaintiff's favor. *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citations omitted).

A Rule 12(b)(6) motion "challenges the legal sufficiency of a complaint, . . . [which] is measured by whether it meets the standards for a pleading stated in [the Federal Rules]." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citation omitted). As relevant here, Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "To survive a motion to dismiss, a complaint must contain sufficient [facts], accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation

5

omitted). "[But] a plaintiff need not forecast evidence sufficient to prove a claim." *Harbourt v. PPE Casino Resorts Md., LLC*, 820 F.3d 655, 658 (4th Cir. 2016) (cleaned up).

B.

The district court concluded that Lattinville-Pace had failed to state an age discrimination claim after finding that (1) Lattinville-Pace was required, under the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, to "prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action"; and (2) she had "failed to assert facts that show that her age was the but-for cause of her termination." *Lattinville-Pace*, 2022 WL 453752, at *2 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).

"Indeed," the district court continued, Lattinville-Pace had failed to show "that her age played *any* role in Defendant's decision to terminate her employment – let alone [that it was the] but-for cause" of her termination. *Id.* (emphasis added). But this statement misapprehends the pleading standard, which is concerned with the sufficiency of the pleadings, *not* the weight of the evidence.

We turn to that analysis now.

II.

A.

For an age discrimination claim brought under the Age Discrimination and Employment Act, Lattinville-Pace was required to allege facts sufficient to support an

6

inference that she was terminated because of her age. *See* 29 U.S.C. § 623(a)(1). We believe the facts alleged in the complaint are enough to support such an inference.

Lattinville-Pace's complaint alleges that she: (1) "was 67 years old at the time of her sudden discharge"; (2) "had exceptional qualifications for the position (setting forth the details of her HR expertise, experience, and education)"; (3) "was exceeding Intelligent Waves'[s] expectations to the praise and rewards of senior management and others (setting forth the details of her work accomplishments, accolades received, and bonus awarded)"; (4) "was terminated without warning . . . just seven days after the President of Intelligent Waves lauded her work"; (5) "was vaguely given 'not being a cultural fit' as the sole justification for the discharge"; and (6) "was replaced by a significantly less qualified specifically named individual (Heidi Pirela) who was nearly 30 years Ms. Lattinville-Pace's junior." Reply Br. at 12 (citations omitted). Also, following her termination, other employees "near or over 60 years of age" were let go by Intelligent Waves. J.A. 34.

We agree with the EEOC that these allegations, taken together and accepted as true, "plausibly allow for the reasonable inference that Intelligent Waves terminated Lattinville-Pace—and instead hired a significantly younger and less qualified individual to fill her position—because of her age." Amicus Br. at 11. This is so because, as the EEOC asserts, "[t]hese allegations, which describe in great detail Lattinville-Pace's positive job performance and the ways her qualifications exceeded those of her replacement, Pirela, . . . gave Intelligent Waves 'fair notice of what the . . . claim is and the grounds upon which it rests'—the animating purpose behind [Rule 8]." *Id.* at 12 (quoting *Twombly*, 550 U.S. at 555).

7

Indeed, these are precisely the sort of factual allegations that "nudge[] [a plaintiff's] claims across the line from conceivable to plausible" *Twombly*, 550 U.S. at 570; *accord Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–514 (2002) (under the "simplified notice pleading standard," allegations that "detailed the events leading to [plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination" were sufficient).

The district court erred in holding otherwise.

## B.

As for Lattinville Pace's national origin discrimination claim, however, we agree with the district court that it must be dismissed.

Title VII prohibits an employer from taking adverse action against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim for national origin discrimination under Title VII, Lattinville-Pace was required to allege facts from which a court could reasonably infer that Intelligent Waves "discharge[d] [her] . . . because of [her] . . . national origin." *Id.*; *see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). She did not.

While the complaint arguably alleges Lattinville-Pace's French-Canadian heritage and Intelligent Waves' knowledge of the same, it doesn't allege sufficient facts from which we can infer that her termination was motivated by a discriminatory animus against French-Canadians. We can't, for example, reasonably conclude that Lattinville-Pace's July 2020 termination, for which she was given the explanation of not being a "cultural fit," J.A. 17,

8

was connected, in whole or in part, to (1) a conversation that took place seven months earlier during which Lattinville-Pace commented on Intelligent Waves CEO Jared Shepard's "French[-]Canadian lumberjack" attire, J.A. 15, to which Shepard responded that he did not wish to be associated with a *French* lumberjack, or (2) the fact that her replacement was American.

These allegations—which state only that Lattinville-Pace is French-Canadian, her employer was aware of that fact, and her replacement wasn't French-Canadian—don't support a plausible inference that Lattinville-Pace was terminated due to her national origin, even when considered alongside the allegation that Intelligent Waves's CEO expressed a bias against French people several months before she was discharged.

The district court concluded that the "sole act" of national-origin-based discrimination alleged in the complaint—Shepard's comment to Lattinville-Pace made seven months before her termination—was too attenuated in time to infer that her termination was motivated by bias. *Lattinville-Pace*, 2022 WL 453752, at *2. The court also found that the allegations in Lattinville-Pace's complaint related to her national origin and that of her replacement were too conclusory to reasonably support an inference that she was terminated *because of* her French-Canadian ancestry. *Id.* at *3. We agree.

Indeed, Lattinville-Pace appears to concede that the allegations fail to connect her termination to her national origin, arguing instead that "this connection is unnecessary." Reply Br. at 19. Because "[t]he Amended Complaint pleads *other* facts," she says, "namely, the statement made by the firing official in the direct context of [her] discharge and with knowledge of her French[-]Canadian ancestry that the sole justification for the

9

sudden adverse action was that she was 'not a cultural fit' with the company, a reasonable fact finder could conclude [such a statement] was not only false but code for her French[-]Canadian ancestry." *Id.* at 19–20.

But Lattinville-Pace was "*required* to allege facts to satisfy the elements of a cause of action created by [Title VII]—i.e., in this case, that [Intelligent Waves] [terminated] her *"because of* [her] [national origin]." *McCleary-Evans*, 780 F.3d at 585 (first emphasis added) (citation omitted).  Because she failed to do so, district court correctly dismissed the claim.


                                        III.

For these reasons, we affirm in part, vacate in part, and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.


                              *AFFIRMED IN PART, VACATED IN PART, AND REMANDED*