**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1271**

———————

KRISTEN M. BARNETT,

        Plaintiff - Appellant,

    v.

INOVA HEALTH CARE SERVICES,

        Defendant - Appellee.

------------------------------

COMMONWEALTH OF VIRGINIA; FORMER EEOC GENERAL COUNSEL AND RELIGIOUS NONDISCRIMINATION EXPERT; ALLIANCE DEFENDING FREEDOM,

        Amici Supporting Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:23-cv-01638-MSN-WEF)

———————

Argued:  November 1, 2024                    Decided:  January 7, 2025

———————

Before GREGORY, THACKER, and BERNER, Circuit Judges.

———————

Reversed and remanded for further proceedings by published opinion.  Judge Gregory wrote the opinion, in which Judge Thacker and Judge Berner joined.

———————

**ARGUED:**  Timothy Bosson, BOSSON LEGAL GROUP, PC, Fairfax, Virginia, for Appellant.  Nancy North Delogu, LITTLER MENDELSON, P.C., Washington, D.C., for Appellee.  Frederick William Eberstadt, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Amicus Curiae.  **ON BRIEF:**  Isaiah R. Kalinowski,

BOSSON LEGAL GROUP, PC, Fairfax, Virginia, for Appellant.  Alexander P. Berg, Lauren M. Bridenbaugh, LITTLER MENDELSON, P.C., Tysons Corner, Virginia, for Appellee.  John C. Sullivan, S | L LAW PLLC, Cedar Hill, Texas, for Amicus Alliance Defending Freedom.  Rachel N. Morrison, ETHICS & PUBLIC POLICY CENTER, Washington, D.C., for Amici Former EEOC General Counsel and Religious Nondiscrimination Expert.  Jason S. Miyares, Attorney General, Erika L. Maley, Solicitor General, Kevin M. Gallagher, Principal Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Amicus Commonwealth of Virginia.

———————————

GREGORY, Circuit Judge:

Plaintiff-Appellant Kristen M. Barnett appeals the district court's grant of Defendant-Appellee INOVA Health Care Services' ("INOVA") 12(b)(6) motion to dismiss.  Barnett, a former registered nurse and employee of INOVA, refused to receive the COVID-19 vaccine as required under INOVA's policy because of its alleged conflict with her religious belief.  INOVA discharged her, and Barnett filed a Title VII religious discrimination claim against INOVA.  Specifically, she alleged three claims of religious discrimination:  failure to provide reasonable accommodation under Title VII; disparate treatment under Title VII; and disparate treatment under the Virginia Human Rights Act ("VHRA").  The district court granted INOVA's motion to dismiss in its entirety.

Considering the facts as pled in the complaint, Barnett has sufficiently alleged religious discrimination for all three of her claims at this stage.  Accordingly, for the reasons to follow, we reverse and remand this case for further proceedings.

## I.

### A.

The following facts were alleged in Barnett's Complaint.  In July 2021, while the pandemic was still rampant, INOVA instituted its first COVID-19 vaccine policy in compliance with the Centers for Medicare & Medicaid Services Mandate.  J.A. 6.  This policy required employees to receive the COVID-19 vaccine unless they had a religious or medical exemption.  *Id.*  Barnett was a registered nurse and the Pediatric Intensive Care Unit Supervisor for INOVA, as well as a devout Christian.  J.A. 6–7.  On July 5, 2021,

3

following the new policy, Barnett submitted a medical exemption request related to lactation and nursing. J.A. 7. INOVA granted Barnett's medical exemption. J.A. 7. In December 2021, INOVA revised its policy to require all employees to reapply for an exemption and created an Exemption Review Committee ("Exemption Committee") to oversee the process. J.A. 7. "This time," according to Barnett, the Exemption Committee "created specific questions for each employee to answer so that the [Exemption Committee] could scrutinize and determine, in its view, the validity of an employee's religious beliefs." J.A. 8.

Pursuant to the new policy change, Barnett reapplied for an exemption on December 22, 2021. J.A. 8. However, this time, she requested a religious exemption instead of a medical one. *Id.* In her request for a religious exemption, Barnett stated that she was a devout Christian, baptized in 2011, and made "all life decisions after thoughtful prayer and Biblical guidance." J.A. 40. While she was not "an anti-vaccine person" and believed "there is a place in this world for both Science and Religion," she nonetheless believed "it would be sinful for her to consume or engage with a product such as the vaccination after having been instructed by God to abstain from it." *Id.* 8, 40. Barnett further explained her "religious reasons for declining the covid vaccinations, . . . were based on her 'study and understanding of the Bible and personally directed by the true and living God.'" J.A. 8. Therefore, Barnett alleged that receiving the vaccine would be sinning against her body, which is a temple of God, and against God himself. J.A. 40–41. However, Barnett further alleged she would follow God's guidance if she later felt compelled by the Spirit to receive the vaccine. J.A. 40. She also referred to the scripture to support her belief and stance on the issue. J.A. 40–41.

4

INOVA ultimately denied Barnett's request for a religious exemption in March 2022. J.A. 9. Barnett alleged INOVA "decided to pick winners and losers from among the employees making exemption requests, based upon whether the [Exemption Committee] found an employee's religious beliefs were legitimate[,]" "chose to exempt employees who came from more prominent religions or held to more conventional beliefs related to religious exemption to vaccines, but denied exemptions to employees like [Barnett] who held less well-known or respected religious beliefs" and "found certain religious beliefs as sufficiently acceptable to qualify for a Covid-19 Policy exemption, while rejecting others." J.A. 7, 8, 13–16.

On March 21, 2022, Barnett resubmitted a request for religious exemption. J.A. 9–10, 47. She reiterated her previous statements of religious belief. *See* J.A. 48–50. She emphasized that the basis of her request was "not medical, scientific, political, philosophical, ethical, or otherwise secular in nature," but religious. J.A. 50. She also mentioned that INOVA granted accommodation for medical exemptions, while denying religious exemptions. *Id.* INOVA denied Barnett's second request for an exemption and placed her on administrative leave. J.A. 10. Barnett continued noncompliance with INOVA's COVID-19 vaccine policy and was discharged in July 2022. *Id.*

B.

On December 1, 2023, Barnett sued INOVA in the United States District Court for the Eastern District of Virginia for religious discrimination. J.A. 1. She brought one count for failure to provide a reasonable accommodation under Title VII of the Civil Rights Act of 1964, and two counts for disparate treatment under Title VII of the Civil Rights Act of

5

1964 and the Virginia Human Rights Act ("VHRA").  J.A. 11–16.  On January 12, 2024, INOVA moved to dismiss Barnett's complaint in its entirety for failure to state a claim under Rule 12(b)(6).  J.A. 2.

On March 7, 2024, the district court held a hearing on Barnett's case.[*]  J.A. 53–63. The district court found Barnett failed to state a claim for all three claims, and subsequently granted INOVA's motion to dismiss.  J.A. 61–62.

With respect to Barnett's reasonable accommodation claim under Title VII, the district court found Barnett failed to state a claim "because she did not raise abortion or fetal cells as a basis for her objection[.]"  J.A. 61.  The district court further found Barnett's objection that her body was a "temple" amounted to a "blanket privilege . . . that if permitted to go forward would undermine our system of ordered liberty[.]"  J.A. 61.  Hence, the district court dismissed Barnett's reasonable accommodation claim.  *Id.*

With respect to Barnett's disparate treatment claims under Title VII and the VHRA, the district court found "[t]here . . . [was] no argument that the disparate treatment claim and the VHRA claim [were] coextensive or rel[ied] on the same facts that [were] alleged with regard to" Barnett's reasonable accommodation claim, and "[t]here [were] no new or additional facts alleged[,]" and as such, these claims were "duplicative."  J.A. 61.  Additionally, the district court found Barnett failed to address a comparator—i.e., similarly situated employees that were treated differently from Barnett.  *See id.*  Hence, in light of the duplicative nature of the

---

[*]That same day, the district court also heard cases from other similarly situated plaintiffs for the purpose of judicial economy, but expressly made clear the cases remained separate.  *See* J.A. 56.

claims and lack of comparator, the district court dismissed both disparate treatment claims. *Id.* Accordingly, the district court dismissed Barnett's complaint in its entirety.

On March 26, 2024, Barnett filed a timely Notice of Appeal to this Court. J.A. 87.

## II.

We review de novo a district court's grant of dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024) (citation omitted). In conducting such a review, we must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff. *Id.* (citation omitted). To survive a motion to dismiss, a complaint must plead with sufficient facts "to state a claim to relief that is plausible on its face" and cross the line from conceivable to plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). However, it need not allege specific facts or establish a prima facie case. *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002) (finding that the prima facie case is "an evidentiary standard, not a pleading requirement.").

## III.

Barnett contends the district court erred in dismissing her three claims—failure to provide reasonable accommodation under Title VII; disparate treatment under Title VII; and disparate treatment under the VHRA—for failure to state a claim. We address each claim in turn.

7

A.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). The statute broadly defines religion as "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). The regulations define religious practices to "include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views." 29 C.F.R. § 1605.1 (2024).

To qualify for Title VII protection, a plaintiff must show her professed belief is (1) sincerely held and (2) religious in nature. *See United States v. Seeger*, 380 U.S. 163, 185 (1965) (stating "courts . . . are not free to reject beliefs because they consider them 'incomprehensible[,]'" rather, "[t]heir task is to decide whether the beliefs professed . . . are sincerely held and whether they are, in his own scheme of things, religious").

The first prong, sincerity, "seeks to determine an adherent's good faith in the expression of [her] religious belief" and "provides a rational means of differentiating between those beliefs that are held as a matter of conscience and those that are animated by motives of deception and fraud." *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984). The second prong, religious in nature, "limit[s] the factfinder's inquiry to a determination whether 'the beliefs professed . . . are, in the claimant's own scheme of things, religious[.]" *Id.* at 157–58 (referencing *Seeger*, 380 U.S. at 185). Therefore, "it follows . . . that the

8

claim of the adherent 'that [her] belief is an essential part of a religious faith must be given great weight.'" *Id.*

Barnett's allegations are sufficient to state a reasonable accommodation claim under Title VII at this stage. As an initial matter, with respect to the first prong, the inquiry into sincerity is "almost exclusively a credibility assessment" and "can rarely be determined on summary judgment, let alone a motion to dismiss." *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007) (quotation marks omitted). Barnett has sufficiently alleged she is a sincere follower of the Christian faith at this stage. Specifically, Barnett alleged she was a devout Christian, baptized in 2011, and made "all life decisions after thoughtful prayer and Biblical guidance." J.A. 7, 40. Such allegations are "good faith in the expression of [her] religious belief" at this stage. *See Patrick,* 745 F.2d at 157. Hence, the first prong is satisfied.

With respect to the second prong, Barnett has sufficiently alleged her beliefs are religious in nature. Specifically, Barnett alleged, amongst other things: (1) "it would be sinful for her to engage with a product such as the vaccination after having been instructed by God to abstain from it"; (2) her "religious reasons for declining the covid vaccinations . . . were based on her 'study and understanding of the Bible and personally directed by the true and living God'"; and (3) receiving the vaccine would be sinning against her body, which is a temple of God, and against God himself. J.A. 8, 40–41. At this stage, these allegations are sufficient to show that Barnett's "belief is an essential part of a religious faith" that "must be given great weight[,]" *Patrick*, 745 F.2d at 157–58, and are plausibly connected with her refusal to receive the COVID-19 vaccine. Indeed, our sister circuits

9

have held the same. *See Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (2024) (reversing dismissal of Title VII failure to accommodate claim at the motion to dismiss stage, finding plaintiff who alleged their "body is a temple" in objection to vaccination requirements "adequately identif[ied] religious views they believe[d] to conflict with taking the Covid-19 vaccine" and "plausibly connect[ed] their refusal to receive the vaccine with their religious beliefs"); *Sturgill v. Am. Red Cross*, 114 F.4th 803, 810–11 (6th Cir. 2024) (same); *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024) (same). Hence, the second prong is satisfied.

Accordingly, the district court erred in dismissing Barnett's Title VII reasonable accommodation claim.

## B.

To prove a Title VII claim under a disparate treatment theory, a plaintiff "must demonstrate that the employer treated her differently than other employees because of her religious *beliefs.*" *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1017 (emphasis in original). Complaints in employment discrimination actions "are not subject to a heightened pleading standard" and "need only satisfy the simple notice pleading requirements of provision of Federal Rules of Civil Procedure[.]" *Swierkiewicz*, 534 U.S. at 506. Therefore, a plaintiff need only plead facts supporting a reasonable inference of discriminatory intent. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) (stating plaintiff must plead facts supporting a reasonable inference of discriminatory intent).

10

In addition, the Virginia Human Rights Act states the term "religion" includes "any outward expression of religious faith[.]" Va. Code Ann. § 2.2-3901(E). The VHRA further provides it is an "unlawful discriminatory practice" for an employer to "discharge, or otherwise discriminate against any individual with respect to such individual's . . . religion[.]" Va. Code Ann. § 2.2-3905(B)(1)(a).

Barnett's allegations are sufficient to state disparate treatment claims under Title VII and the VHRA at this stage. As an initial matter, the district court erred by dismissing both claims due to finding the claims "duplicative" with Barnett's reasonable accommodation claim under Title VII, as a plaintiff may "plead[] multiple or alternative claims based on the same facts." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 696 (4th Cir. 2018) (referencing Federal Rule of Civil Procedure 8(d)(2) which states "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones"). Hence, the district court erred in summarily dismissing Barnett's disparate treatment claims under Title VII and the VHRA on this basis.

In addition, Barnett has sufficiently alleged facts supporting a reasonable inference of discriminatory intent at this stage. Specifically, Barnett alleged INOVA: (1) "decided to pick winners and losers from among the employees making exemption requests, based upon whether the [Exemption Committee] found an employee's religious beliefs were legitimate"; (2) "created specific questions for each employee to answer so that the [Executive Committee] could scrutinize and determine, in its view, the validity of an employee's religious beliefs"; (3) "chose to exempt employees who came from more

11

prominent religions or held to more conventional beliefs related to religious exemption to vaccines, but denied exemptions to employees like [Barnett] who held less well-known or respected religious beliefs"; (4) and "found certain religious beliefs as sufficiently acceptable to qualify for a Covid-19 Policy exemption, while rejecting others." J.A. 7, 8, 13–16. Such allegations by Barnett sufficiently demonstrate that INOVA treated her differently than other employees because of her religious belief, and thus, support a reasonable inference of discriminatory intent at this stage. Hence, the district court erred in summarily dismissing Barnett's disparate treatment claims under Title VII and the VHRA.

Accordingly, in light of the fact Barnett's allegations are sufficient to state disparate treatment claims under Title VII and the VHRA at this stage, the district court erred in dismissing her claims.

## IV.

We take no position as to whether Barnett's religious discrimination claims will ultimately succeed. We hold that, for the foregoing reasons, all three of Barnett's claims should have survived a 12(b)(6) motion to dismiss. Therefore, we reverse the district court's dismissal and remand for further proceedings.

*REVERSED AND REMANDED FOR FURTHER PROCEEDINGS*