**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-1968**

─────────────

CLARENCE B. JENKINS, JR.,

    Plaintiff - Appellant,

  v.

OFFICE OF SOUTH CAROLINA GOVERNOR; SOUTH CAROLINA DEPARTMENT OF ADMINISTRATION; SOUTH CAROLINA OFFICE OF INSPECTOR GENERAL; SOUTH CAROLINA HUMAN AFFAIRS COMMISSION; SOUTH CAROLINA DEPARTMENT OF EMPLOYMENT WORKFORCE; SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; RICHLAND COUNTY, Government; SOUTH CAROLINA SECRETARY OF STATE,

    Defendants - Appellees.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Jacquelyn Denise Austin, District Judge.  (3:23-cv-04593-JDA)

─────────────

Submitted:  January 23, 2025       Decided:  January 27, 2025

─────────────

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Clarence B. Jenkins, Jr., Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence B. Jenkins, Jr., appeals the district court's order accepting the magistrate judge's reports and recommendations and dismissing Jenkins's amended complaint alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. Jenkins also appeals the district court's order denying his motion for reconsideration. *See* Fed. R. Civ. P. 59(e).

We conclude that the district court correctly granted the South Carolina Department of Employment Workforce's motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). Jenkins's ADEA claim is barred by sovereign immunity. *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014). And his Title VII claims are not plausible. After being accorded an opportunity to amend his complaint, Jenkins alleged no facts suggesting that race was a motivating factor for—or that his protected activity was a but-for cause of—his nonselection for an interview. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-86 (4th Cir. 2015) (Title VII pleading standard). We further conclude that the district court correctly dismissed the claims against the remaining Defendants without prejudice and without service of process. Title VII and the ADEA prohibit unlawful employment practices by employers or potential employers, and Jenkins did not allege that he applied for any positions with the remaining Defendants. *See* 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-2(a)(1). Finally, we reject Jenkins's baseless assertion on appeal that the district court judge and the magistrate judge engaged in corruption and other misconduct.

3

Accordingly, we affirm the district court's judgment.  *Jenkins v. Off. of S.C. Governor*, No. 3:23-cv-04593-JDA (D.S.C. Aug. 27 & Oct. 3, 2024).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*