**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1072**

---

DR. JOANN CREDLE,

        Plaintiff – Appellant,

     v.

VIRGINIA COMMUNITY COLLEGE SYSTEM,

        Defendant – Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:24-cv-00233-DJN)

---

Argued:  December 9, 2025                 Decided: February 24, 2026

---

Before THACKER and HEYTENS, Circuit Judges, and Gina M. GROH, United States District Judge for the Northern District of West Virginia, sitting by designation.

---

Affirmed by unpublished opinion. Judge Groh wrote the opinion, in which Judge Thacker and Judge Heytens joined.

---

**ARGUED:**  Jordan David Howlette, JUSTLY PRUDENT, Washington, D.C., for Appellant.  Meredith Lauren Baker, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:**  Jason S. Miyares, Attorney General, Thomas J. Sanford, Deputy Attorney General, Jacqueline C. Hedblom, Senior Assistant Attorney General, Erika L. Maley, Solicitor General, Kevin M. Gallagher, Principal Deputy Solicitor General, Rick W. Eberstadt, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

USCA4 Appeal: 25-1072     Doc: 55          Filed: 02/24/2026     Pg: 2 of 8

GROH, District Judge:

Dr. JoAnn Credle ("Appellant") is a Black woman who has worked for the Virginia Community College System ("Appellee") since 1982. During the relevant period for this case, she worked at Northern Virginia Community College's Annandale campus. After a series of events following Appellant's removal from a conference planning committee, she sued Appellee, alleging race discrimination, retaliation, and hostile work environment in violation of Title VII.

The district court found it lacked jurisdiction over Appellant's retaliation claim, finding she failed to raise it when exhausting her administrative remedies. Appellant's remaining claims were dismissed under Rule 12(b)(6). The court concluded that "mere supposition of racial animus in the context of a simple employment dispute does not warrant relief for racial discrimination[.]" J.A. 280. The question for us on appeal is whether the district court correctly determined that Appellant failed to allege facts sufficient to support her claims. We find she did not and therefore affirm.

I.

Appellant worked as the Coordinator of Specialized Programs at her college, reporting to the Provost of the Annandale campus, Dr. Diane Mucci. J.A. 9.[1] In June 2022, Director of College Government Affairs and Community Relations, Thomas Kauffman, removed Appellant from working on a conference project. Appellant was told she was removed for allowing children to be at the conference. *Id.* Appellant was the only African

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

American staff member assigned to, and person removed from, the project. J.A. 10. Appellant emailed the administration about taking time off because rumors about her removal from the project were spreading around the college. *Id.*

A day after emailing administration, Appellant had not received a response, so she went to see Mr. Kauffman at his office. J.A. 9-10. When Appellant attempted to speak with him in person about the matter, he refused to speak with her, claimed she threatened him, and demanded she leave his office. J.A. 10. Afterward, Appellant spoke, or attempted to speak, with others in administration and human resources. She also told a former student that she "felt her removal . . . was because she is African American . . . ." J.A. 11. This conversation was overheard by a Dean's assistant, who reported it to that Dean. *Id.*

Later that evening, the college notified Appellant by email that she was suspended until further notice because she had been deemed a threat. *Id.* Employee relations investigated Appellant's purportedly unprofessional behavior while she was on administrative leave. J.A. 12. Administration told Appellant she could return to work on July 11, 2022. *Id.*

When she returned to work on July 11, Provost Mucci issued Appellant a letter of reprimand. J.A. 14. The letter claimed Appellant had several unprofessional and discourteous interactions with colleagues. *Id.* Additionally, the Provost told Appellant she needed to work on campus every day of the workweek despite only working on campus four out of five days for the previous decade. J.A. 16. She was also now expected to teach a student development course during the fall semester, but she had never previously been required to teach this course. J.A. 18. Appellant experienced panic attacks after her

4

suspension and told Provost Mucci about them; she alleged that he responded by suggesting she retire. *Id.*

Appellant presented the following adverse employment actions to the district court: (1) being placed on administrative leave; (2) receiving a letter of reprimand; (3) amending her employee work profile; (4) losing her responsibilities from projects on which she was successfully working; and (5) having to assume additional responsibilities by teaching in-person five days a week and teaching the student development course. See J.A. 293.

## II.

Beginning with Appellant's retaliation claim, the district court correctly found it was not properly exhausted.[2] The court's memorandum order included a facsimile from Appellant's EEOC Charge Form, which shows the retaliation box is unchecked. J.A. 290. During oral argument, Appellant's counsel conceded that the word "retaliation" is not used in the EEOC charge. Moreover, there is no language within the body of the charge that would reasonably put its readers on notice of a retaliation claim. Because Appellant never exhausted her retaliation claim, it should be dismissed.[3]

---

[2] Despite moving for dismissal under Rule 12(b)(1) in its motion to dismiss, Appellee now recognizes that "Title VII's exhaustion requirement is a non-jurisdictional processing rule, albeit a mandatory one that must be enforced when properly raised." Resp. Br. at 45 (quoting *Walton v. Harker*, 33 F.4th 165, 175 (4th Cir. 2022) (internal quotation and citation omitted)). While we affirm dismissal of Count II, it should be dismissed under Rule 12(b)(6), not for lacking subject matter jurisdiction.

[3] Although we hold the retaliation count should be dismissed for failure to state a claim rather than lack of jurisdiction, there is no need for further action by the district court (Continued)

III.

Turning to Appellant's disparate treatment and hostile work environment claims, both claims fail because, as the district court explained, "a plaintiff's mere supposition of racial animus in the context of a simple employment dispute does not warrant relief for racial discrimination[.]" J.A. 280.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). The "court must accept as true all of the allegations contained in a complaint," but cannot accept mere "[t]hreadbare recitals of the elements of a cause of action." *Id.*

In a Title VII case, "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). Instead, a plaintiff must "allege facts to satisfy the elements of a cause of action created by that statute." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of*

---

because "a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010).

6

such individual's race." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, (2012) (quoting 42 U.S.C.A. § 2000e–2(a) (emphasis added)).

Like *McCleary-Evans*, Appellant's amended complaint contains merely naked allegations and a formulaic recitation of the necessary elements, lacking the requisite causal link to race. Said another way, the claims lack any inference of race-based discrimination. Appellant contends her employer "engaged in race-based discrimination by: (1) placing her on administrative leave; (2) issuing her a Letter of Reprimand; (3) amending her employee work profile to reflect lesser duties; (4) stripping her of responsibilities relating to projects she had been successfully working on; and (5) requiring her to take on additional responsibilities . . . ."[4] Appellant's Br. at 16. However, the amended complaint lacks substantive allegations that any of these actions were taken *because of* Appellant's race.

As the district court aptly explained, "neither rude treatment nor callous behavior by a supervisor will satisfy the Title VII workplace harassment standard." J.A. 306 (citing *Baqir v. Principi*, 434 F.3d 733, 736 (4th Cir. 2006)). The facts Appellant "alleges merely tell a story of a workplace dispute regarding her reassignment and some perhaps callous behavior by her superiors. They do not describe the type of severe or pervasive [race-based] activity necessary to state a hostile work environment claim." *Bass v. E.I. DuPont de*

---

[4] Although this Court is skeptical of certain conclusions the district court reached about what constitutes an adverse employment action, it need not visit the issue for this appeal. Because we find the amended complaint is devoid of any *Iqbal*-satisfying allegations that *any* adverse action was motivated by or *because of* race, further consideration of the alleged adverse employment actions is unwarranted here.

7

*Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). "We cannot jump from the mere existence of [adverse actions] to the conclusion that the [adverse actions were] racially motivated." *Webster v. Johnson*, 126 F. App'x 583, 588 (4th Cir. 2005).

## IV.

Appellant failed to properly exhaust her retaliation claim and did not sufficiently plead facts to support her claims for racial discrimination or hostile work environment under Title VII. Thus, the amended complaint fails to state a claim upon which relief can be granted and should be dismissed.

*AFFIRMED*